ARNOUS *vs.* the amount of the note sued on, and that the property which had
DAVERN ET AL. been attached be sold to satisfy the same; and dismissed the petition of intervention. The intervenor alone appealed; and cited both plaintiff and defendant.

---

## ARNOUS *vs.* DAVERN ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Parol evidence is inadmissible to prove any thing that was said or understood inconsistent with a written act; or any contract between the last purchasers and their immediate vendor, against the first vendor who is not privy to such contract.

The last purchasers or vendees, who assume the notes of their immediate vendor to his, or the original vendor, cannot resist payment on the ground of any equities or conditions existing between them and their immediate vendor. The plaintiff or original vendor is a stranger to them.

This is an hypothecary action of six promissory notes exe-
cuted by H. Lockett, payable to the order of F. Frey & Co.,
amounting to $3900 with interest, given as the price of certain
city lots, with mortgage in favor of the plaintiff, the original
vendor, *and assumed* by the defendants as the vendees of
Lockett. Judgment is prayed against them with mortgage and
privilege on the lots of ground.

The defendants denied their liability to pay the notes sued
on, because the consideration, they allege, for which they as-
sumed their payment has failed, inasmuch as it was represent-
ed at the time they purchased from Lockett, that St. Johns
street, upon which the lots are situated, would be opened im-
mediately, and upon that consideration alone they purchased;
that they have been deceived and led into error; the said street
not having been opened, which was the only inducement to
purchase the lots at the high price they consented to give for
them. They pray that the plaintiff's petition be dismissed.

Upon these pleadings and issues the parties went to trial.

The evidence consisted principally of the acts of sale of the
lots in question from the plaintiff to H. Lockett, Esq., and from
him to the defendants, in which they assume the payment of
his notes to the plaintiff. On the trial, the Deputy City Sur-
veyor was produced by the defendants as a witness, and a
question propounded by them for him to state at what time
St. John street was opened, &c.; to which the plaintiff's coun-
sel objected on the ground that the act of sale in which the
defendants assumed the payment of the notes contained no
condition as to the opening of St. John street, and it was not
competent to form such condition by parol evidence. The wit-
ness was also asked if in 1836 St. John street was not closed?
which was also objected to. All the objections were over-
ruled, and the evidence admitted by the Judge with the remark
that the *plan* was part of the act, and the testimony only ex-
plains its connexion with and bearing on the contract.

There was a verdict and judgment for the plaintiffs, after
deducting $750 from the demand for damages suffered in not

opening St. John street, as expected by the defendants. The defendants appealed.

*Lockett & Micou*, for the plaintiff, asked that the judgment be so amended as to allow the entire amount of the notes claimed.

*Preston & Larue*, contra.

*Bullard, J.* delivered the opinion of the court.

The defendants are sued upon four promissory notes, amounting to three thousand nine hundred dollars, drawn by H. Lockett in favor of the plaintiff, but which the defendants assumed and engaged to pay as part of the price of certain City Lots purchased by them of Lockett, and which he had previously bought of the plaintiff. The lots sold to the defendants by Lockett are described to be "joining each other, situated in the suburb St. Mary, designated by Nos. 19, 20, 21 and 22, in the square bounded by Circus, Girod, St. John, and Julia streets, agreeably to a plan drawn by L. J. Pilié, deputy surveyor general," and which plan is identified with the act. The lots are further described as fronting on St. John street. On looking at the plan it appears that a black line runs across St. John street, as if it had not yet been entirely opened *at* the time of the sale.

The defence set up is that the consideration for which the respondents assumed to pay has failed, inasmuch as it was represented to them at the time they purchased the lots from H. Lockett, that St. John street upon which the lots are situated would be opened immediately, and upon that consideration alone they were induced to make the purchase.—But they aver that they were deceived and led into error, and that the street is not yet opened. They conclude by praying to be dismissed with costs.

The case was submitted to a jury who found a verdict of $3150, " being of opinion that $750 should be deducted from

the notes sued upon for damages suffered by defendants for the reasons set up in their defence."

Our attention is first called to a bill of exceptions by which it appears, that a witness called by the defendants was asked to state at what time St. John street was opened, which question and every answer thereto were objected to because the act by which the defendants assumed to pay the notes sued on contains no condition as to the opening of said street, and it is not competent for the defendants to form such a condition by parol evidence. The same witness was further examined to prove that in 1836 St. John street between Girod and Julia streets was closed, which evidence was objected to for the same reason. But the evidence was admitted on the ground that the plan forms a part of the act and the testimony only explains its connexion with and bearing on the contract.

We are of opinion that the court erred in going into any inquiry as to the opening of the street. In addition to the obvious objection, that the contract makes no mention of the opening of a street, and that parol evidence is inadmissible either against or beyond what is mentioned in a written act, and as to what may have been said before or at the time of making it or since, there is no privity of contract between the defendants and the present plaintiff. Their warrantor is Lockett; and even if they had been evicted of the property, they could have had no recourse on the present plaintiff—nothing shows that he was responsible even to his vendee that the street would be opened within a given time; nor is there any subrogation of such warranty. The plaintiff must therefore be regarded as a stranger to the contract, and as to him the question is, whether he be not entitled to recover on the promise and stipulation of the defendants without regard to any equities, which might exist between them and their immediate vendor, even supposing him to be responsible for the delay in opening the street. If instead of assuming to pay Lockett's notes due at a future day, the defendants had given their own notes payable to the order of their vendor at the

*Parol evidence is inadmissible to prove any thing that was said or understood inconsistent with a written act; or any contract between the last purchasers and their immediate vendor, against the first vendor who is not privy to such contract.*

*The last purchasers or vendees who assume the notes of their immediate vendor to his, or the original vendor, cannot resist payment on the ground of any equities or conditions existing between them and their immediate vendor.— The plaintiff or original vendor is a stranger to them.*

EASTERN DIS.
*April,* 1841.

same periods, and they had come into the hands of the plaintiff as endorsee without notice of any latent equity between the original parties, we are of opinion he would have been entitled to recover. How is the case varied when the engagement is made directly with the present plaintiff by whom the stipulation is accepted, especially when the promise forms a part of a contract in which nothing is said about the opening of a street within a given time?

The defendants have therefore entirely failed, in our opinion, in making out their defence, and we do not consider it important to inquire whether the charge of the court to the jury was correct or not.

It is therefore ordered and decreed that the judgment of the Commercial Court be avoided and reversed, and the verdict set aside, and proceeding to render such judgment as ought in our opinion to have been given below, it is further ordered that the plaintiff recover of the defendants three thousand nine hundred dollars, with interest at five per cent. upon $1300, from the 8th of September, 1838, and upon $2600 from the 7th September, 1839, with eight dollars costs of protests, together with the costs of both courts, and that the mortgaged premises be seized and sold to satisfy the same.