Howell,. J.
In April, 1867, the plaintiffs instituted this suit against the administrator of J. B. Boudreaux, on a note secured by mortgage, and against E. M. Yilliers, on bis assumpsit, in an act of sale of the property affected by said mortgage from Boudreaux to Yilliers, and dated June 9, 1866, in which act Yilliers promised to pay said note as a part of the price. Yilliers set up a special defense that the assumpsit was personal to Boudreaux; that the said property was incumbered with several conventional and judicial mortgages against Boudreaux and his vendor, under which it was sold, and he, Yilliers, thereby evicted and released from his assumpsit. Judgment was rendered against the succession of Boudreaux and in favor of Yilliers.
The plaintiffs appealed from the latter.
*253 The evidence, nofc objected to, shows that Boudreaux purchased from Delaporte, giving these notes to the order of the vendor and secured by mortgage on the property sold. Afterward, Boudreaux sold to Yilliers, who, as a part of the price, assumed to pay said notes, one of which in suit herein was then held by these plaintiffs. The property thus purchased by Yilliers was sold at the suit of the creditors of Boudreaux before the institution of this suit.
Under these circumstances Yilliers should not be held to pay the ■ assumpsit, there being a failure of consideration. The case ot Arnous v. Davern, 18 La. 45, relied on by the plaintiffs, was modified, if not overruled, by that of the Union Bank v. Bowman, 9 An. 195, where the doctrine as heie announced was maintained. The case in 17 An. 255 only recognizes the right of the third person against the property, in relation to which the stipulation in his favor was made, and is in harmony to that extent with the 9 An. case, and not in conflict with our view on the personal liability of the purchaser who makes the stipulation.
Judgment affirmed.
Rehearing refused.